**SO ORDERED**

**SIGNED this 12 day of June, 2025.**

_____
Pamela W. McAfee
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:

| | |
|---|---|
| **CAROLINA PROUD INVESTMENT GROUP, LLC** | **CASE NO. 25-01063-5-PWM** <br> **CHAPTER 11** |
| **DEBTOR.** | |

### INTERIM ORDER AUTHORIZATING TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363

This matter came before this Court upon the Motion of Carolina Proud Investment Group, LLC (hereafter the "Debtor") for an Order authorizing the Debtor to use cash collateral pursuant to 11 U.S.C. § 363. Based upon the motion, the Court makes the following findings:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The Debtor filed a voluntary petition for chapter 11 relief on March 24, 2025.

3. The Debtor is a North Carolina limited liability company with a principal place of business in Greenville, North Carolina.

4. The Debtor owns commercial and residential real estate and derives its income from leasing the properties. The Debtor's sole source of income is rents from its tenants.

5. Prior to filing, the Debtor entered into agreements with two lenders, more

particularly described as follows ("Secured Creditors"):

  a. <u>GREM, LLC ("GREM")</u>.  The Debtor and GREM entered into a loan agreement on or about April 21, 2021.  The loan was secured by a mortgage deed filed in the Office of the Mahoning County Recorder on April 27, 201 (Book 6514 and Page 1611).  The commercial property located at 28 Jacobs Rd., Youngstown, OH 44505 is the collateral for the mortgage deed.  Paragraph 11 of the note and mortgage deed state that the note is secured by the Debtor's rental income and contains an assignment of rents clause.  The Debtor estimates that GREM is owed $130,486.00 by the Debtor on the note.

  b. <u>United Bank</u>.  On January 13, 2023, the Debtor and United Bank entered into a loan agreement.  The loan was secured by a deed of trust filed in the Pitt County Register of Deeds on January 13, 2023 (Book 4372 and Page 621).  The residential property located at 2607-B Bluff View Rd., Greenville, NC 27834 is the collateral for the deed of trust.  The note and deed of trust state that the note is secured by the Debtor's rental income and contains an assignment of rents clause.  The Debtor estimates that United Bank is owed $114,300.34 by the Debtor on the note.

6. It appears that certain sums of the Debtor's cash and proceeds from continued operations may constitute cash collateral of the above-described Secured Creditors within the meaning of § 363 of the Bankruptcy Code.

7. Section 363(c) of the Bankruptcy Code provides that debtors may use cash collateral provided "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).  The term "cash collateral," for purposes of § 363, includes "cash, negotiable instruments, documents of title, securities, deposit accounts, or

other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest . . . ." 11 U.S.C. § 363(a).

8. The Debtor requested an Order directing any and all rents be paid to the Debtor for deposit into its Debtor-in-Possession accounts to be established by the Debtor for use in accordance with the cash collateral budget(s).

9. The Debtor is currently anticipating a continuation of its operations by way of this proposed reorganization. The Debtor believes that to maintain existing operations and retain maximum value of its business, the Debtor will be required to incur certain operating expenses, including insurance, utilities, maintenance, and other operating expenses.

10. The Debtor will maintain one or more Debtor-in-Possession bank accounts, into which it will deposit all cash, checks, and other cash items.

11. The Debtor represents that a reorganization and continuation of its operations will generate the greatest source of funds for creditors, including Secured Creditors. Without the use of its cash and receivables, the Debtor will likely suffer immediate and irreparable harm, its creditors will likely be harmed, and the chances that the Debtor can reorganize will be greatly harmed.

12. Federal Rule of Bankruptcy Procedure 4001(b)(2) provides, as follows:

> (2) Hearing. The court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14-day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

The Court finds that it has authority to grant the relief requested on an interim basis pursuant to Fed. R. Bankr. P. 4001(b)(2).

13. The Court finds that for purposes of this motion, the Debtor does not dispute the

validity, extent, and priority of the Secured Creditors' liens. The Debtor proposes that Secured Creditors whose cash is used shall have continuing post-petition replacement liens and security interests in all property and categories of property of the same extent, validity, and priority as said creditor held prepetition. The validity, enforceability, and perfection of the post-petition replacement liens shall be immediately deemed perfected, without the need for any further action on the part of creditors.

14. The Debtor requests that it be permitted a 6% expense deviation in its budget without requiring the consent of the Secured Creditor or the Court.

BASED UPON THESE FINDINGS, THE COURT ORDERS AS FOLLOWS:

1. The Debtor's Motion for Use of Cash Collateral is GRANTED on an INTERIM basis. This Order shall expire on the 16th day of July, 2025. A final hearing for use of cash collateral shall be held on the 10th day of July, 2025 at 11:00 a.m., at the Century Station Building, 300 Fayetteville St., Raleigh, NC, 2nd Fl. courtroom;

2. This motion is allowed pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 4001;

3. That each creditor is granted a post-petition lien on all cash, payments and receivables for collected rents and future collected rents by the Debtor during the pendency of this Order without the necessity of further action. The post-petition liens shall be granted the same validity, extent and priority as held on the date of the order of relief. This Order shall not preclude a subsequent chapter 7 trustee or chapter 11 trustee from disputing the validity, extent and priority of liens held by the Secured Creditors;

4. That the Debtor's proposed interim cash collateral budget is hereby approved;

5. The Debtor shall remit the sum of $700.00 to United Bank as adequate protection by June 3, 2025.

6. The Debtor shall remit the sum of $500.00 to the IOLTA trust account of C. Scott Kirk, Attorney at Law, for the purpose of payment of the administrative expenses of the subchapter V trustee from funds received from rents of property not subject to the liens of creditors stated in this order and said sum shall be held by counsel for the Debtor until further order of the Court;

7. This order shall constitute an order permitting the Debtor to collect cash and receivables from its tenants;

8. This order precludes any creditor or party in interest, other than the Debtor, from collecting cash and receivables on its rents; and

9. That the Debtor is permitted a ten (6%) deviation from any expense in the approved budget.

**END OF DOCUMENT**

Carolina Proud Investment Group, LLC
Case No. 25-01063-5-PWM

Case Collateral Budget for June 16 to July 16, 2025

28 Jacobs Rd.
Youngstown, Ohio

| | |
|---|---|
| Income/Rents: | $3,000.00 |
| Subchapter V Trustee | -$500.00 |
| Net Income: | $2,500.00 |

2607-B Bluff View Dr.
Greenville, NC  27834

| | |
|---|---|
| Income/Rents: | $1,400.00 |
| Home Warranty: | -$60.00 |
| Lawn Maintenance: | -$120.00 |
| Management Fee: | -$56.00 |
| Maintenance Exp: | -$100.00 |
| Adequate Protection: | -700.00 |
| Net Income: | $364.00 |