UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: |
| CAROLINA PROUD INVESTMENT GROUP, LLC, | 25-01063-5-PWM |
| DEBTOR. | CHAPTER 11 |

### BANKRUPTCY ADMINISTRATOR'S RESPONSE TO SUBCHAPTER V PLAN OF REORGANIZATION

**NOW COMES** the Bankruptcy Administrator for the Eastern District of North Carolina ("BA"), by and through undersigned counsel, and respectfully files this response to the Debtor's Subchapter V Plan of Reorganization ("Plan") filed on June 23, 2025, and, in support thereof, shows unto the Court the following:

**Background and History of the Debtor**

1. On March 24, 2025, the Debtor filed the above-captioned case under Chapter 11 of the United States Bankruptcy Code. The Debtor elected to proceed under Subchapter V of the Bankruptcy Code and Ciara L. Rogers ("Trustee") was appointed Subchapter V Trustee on March 25, 2025.

2. The Debtor owns various parcels of real property located in Mahoning County, Ohio, Pitt County, North Carolina, and Watauga County, North Carolina. The Debtor receives rental income from the properties located in Mahoning County, Ohio, and Pitt County, North Carolina ("Rental Properties"). The Debtor proposes to use rental income from the Rental Properties and proceeds from the sale of the property in Mahoning County ("Mahoning Property") to pay its creditors.

3. According to the Plan, the Debtor has one class of priority claims, four classes of secured claims, one class of general unsecured claims, and one class of equity security holders. The Debtor proposes to pay Class 8 of General Unsecured Claims ("Class 8") in full, either from the net proceeds of the sale of the Mahoning Property, or via monthly payments in the amount of $458.55. It is unclear how long the Debtor is proposing to make the monthly payments to Class 8.

**Compliance with 11 U.S.C. § 1190:**

4. Pursuant to 11 U.S.C. § 1190(1)(C), a plan under Subchapter V "shall include—(C) projections with the respect to the ability of the debtor to make payments under the proposed plan of reorganization…" As proposed, the Plan does not include projections as required by Section 1190 and therefore does not provide adequate information to allow creditors or other parties in interest to adequately determine if the Debtor's ability to make the proposed plan payments.

**Feasibility:**

5. The Debtor must prove that confirmation of its Plan is not likely to be followed by the need for further liquidation or reorganization. "The question of feasibility is a question of fact in which the debtor bears the burden to show feasibility of the plan by a preponderance of the evidence." *In re Wiggins Farms, Inc.*, 12-02651-8-RDD, 2012 WL 6059208, at *2 (Bankr. E.D.N.C. Dec. 6, 2012) citing *In re Investment Co. of Southwest, Inc. (F.H. Partners, L.P. v. Investment Co. of Southwest, Inc., Four Hills Associates, and Bank of America)*, 341 B.R. 298, 310 (B.A.P. 10th Cir.2006). The Debtor should be prepared to provide evidence of feasibility at the

Confirmation Hearing. As discussed above in paragraph 4, the Debtor has not provided projections as required by Section 1190. The BA is unable to determine with certainty whether the Debtor can make the proposed plan payments both in the event the Mahoning Property sells as predicted in the Plan, and in the event the Mahoning Property doesn't sell as predicted in the Plan, due to the absence of projections.

6. The BA is most concerned that once the Mahoning Property sells, the remaining monthly rental income the Debtor receives will not be enough to allow the Debtor to service the remaining Plan payments. Upon information and belief and counsel for the Debtor's proffer at its Emergency Motion to Use Cash Collateral Hearing held on April 2, 2025, the Debtor's total monthly rental income is approximately $6,700.00, comprised of $3,000.00 in rent from the Mahoning Property, $1,400.00 per month in rent from the property located at 2607-B Bluff View Rd., Greenville, NC, and $2,300.00 per month in rent from all of its other properties. The Plan indicates the Debtor expects to pay costs related to the sale, tax claims related to the Mahoning Property, the secured creditor on the Mahoning Property (GREM, LLC), administrative claims, and general unsecured creditors in full from the sale of the Mahoning Property. Assuming the sale can pay each of those claims in full, the Debtor is left with approximately $4,872.99 in monthly Plan payments including the estimated monthly payments for arrearages in Class 6 and Class 7 and fully excluding all tax payments.[1] Without receiving the rental income of

---

[1] Upon information and belief, upon the sale of the Mahoning Property, the Debtor will have remaining tax claims to pay, although it is unclear what amount the Debtor would need to pay monthly. Since it is unclear, the BA assumes all tax

approximately $3,000.00 per month on the Mahoning Property after the sale, the Debtor's monthly rental income will be reduced to approximately $3,700.00 per month. It appears the Debtor will net *negative* $1,172.99 per month after selling the Mahoning Property.

7.  Further, it is unclear how long the Debtor is proposing to pay Class 8 monthly payments should the Mahoning Property not sell. The BA requests that the Class 8 treatment be clarified with respect to the length of the payment term.

**Discharge:**

8.  Discharge, as it relates to Subchapter V cases, is determined by 11 U.S.C. § 1141 for cases confirmed pursuant to 11 U.S.C. § 1191(a) and 11 U.S.C. § 1192 for cases confirmed pursuant to 11 U.S.C. §1191(b). If the Debtor's plan is confirmed under Section 1191(b), Section 1192(1) provides the court may not enter discharge on any debt "on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years as fixed by the court." As proposed, the Plan does not contain a discharge provision. The BA requests a discharge provision be added.

**Vesting Provisions:**

9.  As proposed, the Debtor's Plan suggests that property of the estate will re-vest in the Debtor at plan confirmation.

---

claims will be paid in full for the purpose of calculating the total remaining monthly plan payments.

10. Pursuant to 11 U.S.C. § 1186, if a plan is confirmed pursuant to 11 U.S.C. § 1191(b) then property of the estate does not vest pursuant to 11 U.S.C. § 1141(b) but instead remains property of the estate for the pendency of the bankruptcy case.

11. In the present case, if the Debtor's Plan is confirmed pursuant to Section 1191(b) then the Debtor's property will not re-vest in the Debtor.

**Monthly Operating Reports:**

12. As of the date of this filing, the Debtor has not filed its monthly operating reports for the months of May and June 2025.

13. The BA reserves the right to further amend this response prior to the hearing.

**WHEREFORE,** the Bankruptcy Administrator respectfully requests that, the Plan of Reorganization be denied until further evidence of feasibility can be presented at the Confirmation Hearing; that the Debtor address the concerns raised herein, and the Court grant such other and further relief as the court deems just and proper.

Respectfully submitted this 1st day of August 2025.

Brian C. Behr
Bankruptcy Administrator

By: /s/ Kylie Bouplon Beresford
Kylie Beresford
Staff Attorney
U.S. Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885
kylie_beresford@nceba.uscourts.gov
State Bar No. 60772

## **CERTIFICATE OF SERVICE**

I, Kylie Beresford, of 434 Fayetteville Street, Suite 640, North Carolina, 27601, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age.

That on this day, I served copies of the foregoing document electronically upon Debtor's counsel.

**C. Scott Kirk**  *Served via: CM/ECF*
Attorney for Debtor

**Ciara L. Rogers**  *Served via: CM/ECF*
Subchapter V Trustee

I certify under penalty of perjury that the foregoing is true and correct.

Dated this the 1st day of August 2025.

By: /s/ Kylie Beresford
Kylie Beresford
Staff Attorney
Bankruptcy Administrator's Office
434 Fayetteville Street, Suite 640
Raleigh, North Carolina 27601
(919) 334-3885
State Bar No. 60772